[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  19-12400
Non-Argument Calendar
_____

D.C. Docket No. 2:98-cr-00006-LSC-TMP-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO ANTON LEE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 22, 2020)

Before JORDAN, BRANCH, and TJOFLAT, Circuit Judges.

PER CURIAM:

Mario Lee, a federal prisoner proceeding pro se, appeals the District Court's

order granting Lee's uncontested motion to reduce his sentence pursuant to 18

U.S.C. § 3582(c)(2).  The Government has moved for summary affirmance of the District Court's order.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]  Here, while Lee appealed the District Court's order reducing his sentence, his arguments on appeal do not pertain to that order, but instead request habeas corpus relief and ask the Court to vacate his sentence.  Lee, in 2001, already filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which the District Court denied, and Lee was denied a certificate of probable cause to appeal to this Court.[2]  Any further request for habeas corpus relief would be deemed second or successive and would require leave of this Court, which Lee has not requested or received.  28 U.S.C. § 2255(h).

To the extent that Lee is challenging the District Court's order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(2), we grant the Government's motion for summary affirmance because Lee has presented no argument in support of this challenge.  To the extent that Lee is contesting the legality of his conviction and

---

[1] All decisions of the former Fifth Circuit announced before October 1, 1981, are binding precedent in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] Lee later petitioned the District Court for a writ of coram nobis, which the District Court denied and this Court affirmed.

2

sentence and attempting to relitigate issues presented in his previous § 2255 motion without leave of this Court, we are without jurisdiction to entertain these arguments and they must be dismissed.

**DISMISSED IN PART AND AFFIRMED IN PART.**